**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KENNETH A. HINTON,                    )
                                      )
            Plaintiff,                )
                                      )
            v.                        )        Civil Action No. 08-1073 (RWR)
                                      )
JAMES A. RUDASILL,                    )
                                      )
            Defendant.                )


<u>**MEMORANDUM OPINION**</u>

Plaintiff Kenneth A. Hinton, a prisoner proceeding pro se and in forma pauperis at the time,[1] filed this pro se complaint based on diversity jurisdiction, asserting legal malpractice and other common law claims against his former defense counsel James A. Rudasill.  Rudasill has moved to dismiss the complaint.  Because Hinton's claims are either barred by the doctrine of collateral estoppel or do not state a claim upon which relief may be granted, the complaint will be dismissed.

<u>BACKGROUND</u>

Rudasill was Hinton's court-appointed defense counsel in federal criminal proceedings in this court.  In his verified complaint, Hinton alleges that between approximately April 3, 2007 and May 2, 2007, Rudasill committed legal malpractice in representing Hinton in proceedings to revoke Hinton's supervised release, and that Rudasill's malpractice caused Hinton to suffer loss of income, loss of liberty, and loss of consortium.  *See* Compl., Ex. A (Decl. of Kenneth A.

---

[1] Hinton has since been released from imprisonment.

-2-

Hinton, "Statement of Claim & Facts" ("Hinton Compl.") at 1.[2]  In brief, the complaint alleges

that Rudasill did not appear in court as ordered, *id.* ¶ 1, did not present mitigating evidence on

behalf of defendant, *id.* ¶¶ 2, 10, made misstatements to the court and did not adequately explain

things to either Hinton or the court, *id.* ¶¶ 3-7, and failed to educate the court about its statutory

obligations.  *Id.* ¶¶ 9.

This very same conduct by counsel relating to the revocation proceedings during the

period April 3 through May 2, 2007, was the subject of the appeal in Hinton's federal criminal

proceedings in which Hinton contended that Rudasill provided ineffective assistance of counsel.

In his appeal, Hinton was represented by counsel from the District of Columbia Office of the

Federal Public Defender.  The court of appeals decided the merits of the issue, concluding "that

counsel's behavior did not fall below an objective standard of reasonableness" and that Hinton

_____

[2]  The factual allegations in Hinton's complaint relate only to conduct arising out of an
attorney-client relationship.  Given that the only duty implicitly or explicitly alleged is the duty
owed by an attorney to a client, Hinton's assertions of "negligence, breach of care, breach of
duty, breach of trust, and bad faith," Hinton's Compl. at 1, are all interpreted to be restatements
of his claim for legal malpractice.  To the extent the plaintiff may have intended them to be
claims distinguishable from his legal malpractice claim, he has not alleged facts to support any
other duty owed by the plaintiff, or the breach of any such other duty.  Thus, such claims would
in any case fail to survive screening under 28 U.S.C. § 1915A because they do not state a claim
upon which relief may be granted.

In addition, Hinton's claim based on a "breach of Sixth Amendment," due to "ineffective
assistance of counsel," Hinton's Compl. at 1, is not cognizable in a civil suit for damages against
a private individual, because the Sixth Amendment restrains only governments, not private
individuals, and neither public defenders nor court appointed criminal defense counsel are state
or federal actors.  *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (holding that a public
defender is not a state actor when performing the traditional functions as defense counsel);
*Anderson v. Sonenberg,* 111 F.3d 962 (D.C. Cir. 1997) (unpublished table decision) ("[P]ublic
defenders and other attorneys appointed to represent defendants in federal proceedings are not
federal officials for purposes of [a suit for money damages under] *Bivens* [*v. Six Unknown Agents
of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)].").

could not show that a "deficient performance prejudiced the defense. *United States v. Hinton,*

No. 07-3056, 275 Fed. Appx. 19, 20 (D.C. Cir. Apr. 23, 2008) (internal quotation marks,

alterations and citations omitted).[3]

---

[3] The court of appeals' opinion was attached to and referred to in Rudasill's answer. *See* Def.'s Answer to the Compl. & Mot. for Summ. Dismissal, ¶ 12 & Attachment.  Its entire discussion of the merits of the appeal was as follows:

> While appellant was on federal supervised release, a Maryland court convicted him of assault and burglary.  The United States District Court for the District of Columbia then held a hearing, revoked appellant's supervised release, and sentenced him to 18-months' imprisonment.  Appellant raises several reasons why his counsel's performance was deficient under the first prong of *Strickland v. Washington,* 466 U.S. 668, 687 (1984), but none has merit.

> First, appellant argues that counsel should have (1) sought a continuance of the revocation hearing until after appeal of his Maryland conviction, and (2) presented evidence challenging the conviction itself as erroneous.  But appellant presents no remotely compelling evidence that his conviction was in error, asserting only that the conviction arose from a domestic dispute involving his "vindictive ex-wife" and her "frivolous charges."  Appellant's Opening Br. 4.

> Second, appellant argues that counsel failed (1) to inform the district court that the sentencing guidelines did not mandate revocation in appellant's circumstance, and (2) to point out discretionary factors the district court could have considered in deciding whether to revoke supervised release.  Nothing in the record, however, reveals that the district court believed revocation was required or refused to consider the appropriate discretionary factors.

> Third, appellant argues that once the district court decided to revoke supervised release, counsel failed to invoke statutory sentencing factors or to present mitigating evidence.  But the record shows that the district court did in fact consider appropriate sentencing factors and mitigating evidence, arriving at a mid-range sentence.

> For the foregoing reasons, we conclude that counsel's behavior did not "f[a]ll below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688.  In any event, even if it did, appellant cannot satisfy *Strickland*'s second prong, that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.  Appellant has failed to show a reasonable probability that the district court's revocation decision would have been different had counsel requested a

-4-

Hinton also asserts a claim for intentional infliction of emotional distress, *see* Hinton's

Compl. at 1, and alleges that Rudasill committed malpractice in an appeal of a different criminal

matter in Maryland state court by failing to explain the legal proceedings to him and by failing to

contact on Hinton's behalf the clerk for that court. *Id.* ¶¶ 4, 5.  These claims were not part of

Hinton's federal appeal.

Rudasill filed a verified answer and motion for summary dismissal, affirmatively raising

in his defense the argument that the 2008 decision of the federal appeals court precludes Hinton's

malpractice claims in this suit, and arguing that the complaint does not state a claim upon which

relief may be granted.  Def.'s Answer to Compl. & Mot. for Summ. Dismissal ("Def.'s Ans. &

Mot. to Dismiss") ¶ 12.  Hinton filed an opposition.  *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J.

<u>DISCUSSION</u>

I.      THE MALPRACTICE CLAIMS ALREADY LITIGATED

To conserve judicial resources, relieve parties of the cost and vexation of multiple

lawsuits, prevent inconsistent litigation and encourage reliance on adjudication, federal courts

have traditionally adhered to the jurisprudential doctrine of collateral estoppel.  *Allen v.*

*McCurry,* 449 U.S. 90, 94 (1980).  One version of collateral estoppel, known as non-mutual

defensive estoppel, bars a party who has had a full and fair opportunity to litigate an issue in an

earlier case and lost from relitigating that same issue in a later case against a different defendant.

---

continuance of the hearing or presented evidence on the underlying conviction.
Nor has appellant shown that any further mitigating factors existed that would
have led to a lower sentence.

-5-

*Id.* at 94-95; *Pharmaceutical Care Management Ass'n v. District of Columbia*, 522 F.3d 443, 446

(D.C. Cir. 2008).

The legal standards for ineffective assistance of counsel in the revocation proceedings

against Hinton and for legal malpractice in those same proceedings are equivalent.  *See McCord*

*v. Bailey,* 636 F.2d 606, 609 (D.C. Cir. 1980); *Bigelow v. Knight,* 737 F. Supp. 669, 671 (D.D.C.

1990).  In either instance, the proponent must establish both that the performance was deficient

and that the deficient performance was the proximate cause of injury to the counsel's client.

*Niosi v. Aiello,* 69 A.2d 57, 60 (D.C. 1949)*; Bigelow v. Knight,* 737 F. Supp. at 671.  Where the

issue of defense counsel's performance has been litigated and decided, the plaintiff is estopped

from relitigating the same performance issues in another forum.  *See McCord v. Bailey,* 636 F.2d

at 609-10 (collateral estoppel bars a legal malpractice claim in a civil suit after a court in a

criminal appeal has determined that counsel did not give ineffective assistance); *Bieglow v.*

*Knight,* 737 F. Supp. at 671 (citing *McCord v. Bailey* and applying collateral estoppel after

decision in a criminal appeal made under D.C. Code § 23-110).  Therefore, in this suit, Hinton is

collaterally estopped from relitigating the legal malpractice claims against Rudasill because those

claims were fully litigated and decided against him in his federal criminal appeal.  The federal

appeals court determined that Rudasill's performance between April 3, 2007 and May 2, 2007

was not deficient and that, in any case, Rudasill's performance did not harm Hinton's defense.

Accordingly, Hinton's legal malpractice claims based on his counsel's performance in his

revocation proceedings are precluded by the doctrine of collateral estoppel and will be dismissed.

II.    THE OTHER CLAIMS

On a motion to dismiss for failure to state a claim upon which relief may be granted, *see* Fed. R. Civ. P. 12(b)(6), a court assumes all factual allegations in the complaint to be true, even if they are doubtful.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged").  A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must [a] court accept legal conclusions cast in the form of factual allegations." *Kowal,* 16 F.3d at 1276.  In deciding a motion to dismiss for failure to state a claim upon which relief may be granted, a court is limited to considering "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

Under District of Columbia law, "[t]he tort of intentional infliction of emotional distress consists of (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress."  *Kotsch v. District of Columbia,* 924 A.2d 1040, 1045 (D.C. 2007) (internal quotation marks and citations omitted); *see also Anderson v. Prease,* 445 A.2d 612, 613 (D.C. 1982) (stating that the tort requires showing an intentional act that proximately caused a legally cognizable harm).  To state a claim, the conduct alleged must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

-7-

*Kotsch,* 924 A.2d at 1045-46.  In addition, the claim requires a level of emotional distress "so

acute [in] nature that harmful physical consequences might not be unlikely to result."  *Kotsch,*

924 A.2d at 1046 (internal quotation marks and citation omitted).  The factual allegations in

Hinton's complaint allege negligence, not recklessness or acts intended to inflict emotional

distress.  *See* Hinton Compl. ¶¶ 1-11 (alleging that Rudasill acted with "negligence" or

"neglected" to act).  Moreover, the complaint does not allege any acts by Rudasill that would

reach the level of outrageousness that is required to state a claim of intentional infliction of

emotional distress.  *See id.* (alleging a failure to appear at a court hearing, failure to communicate

diligently with client, failure to explain legal procedure to client, failure to conduct adequate

legal research, failure to move the court for a continuance, and other failures of that nature); *cf.*

*Joyner v. Sibley Memorial Hospital,* 826 A.2d 362, 373 (D.C. 2003) (affirming trial court's

decision that the outrageous conduct element of the claim was not established by a showeing that

a supervisor intentionally closing an office door on an employee's hand to prevent her from

leaving a disciplinary meeting); *Kerrigan v. Britches of Georgetowne, Inc.,* 705 A.2d 624, 628

(D.C. 1997) (holding that alleging that a supervisor "targeted him for a sexual harassment

investigation, manufactured evidence against him in order to establish a false claim of sexual

harassment, leaked information from the investigation to other employees, and unjustifiably

demoted him" did not state a claim of intentional infliction of emotional distress because the

supervisor's conduct did not rise to the necessary level of outrageousness); *Hollis v. Rosa*

*Mexicano DC, LLC,* 582 F. Supp. 2d 22, 26 (D.D.C. 2008) (stating that "[t]he bar for this tort . . .

has been set very high" and dismissing complaint alleging that plaintiff was denied service in a

restaurant because of invidious discrimination); *Hayes v. Chartered Health Plan,* 360 F. Supp.

2d 84, 88 (D.D.C. 2004) (deciding that fraud alone is insufficient to state a claim for intentional

infliction of emotional distress); *Cooke-Seales v. District of Columbia,* 973 F. Supp. 184, 188

(D.D.C. 1997) (deciding that allegations of a pattern of discrimination and abuse of supervisory

power do not amount to allegations of "extreme and outrageous" conduct as is required to

survive a motion to dismiss for failure to state a claim).  Additionally, the complaint alleges no

facts to show the required extreme level of emotional distress on the plaintiff's part.  *See*

Hinton's Compl. ¶¶ 1-11; *cf. Futrell v. Dep't of Labor Federal Credit Union,* 816 A.2d 793, 808

(D.C. 2003) (stating that "mental anguish" and "stress" do not rise to the level of severe

emotional distress); *Kotsch,* 924 A.2d at 1046 (stating that the claim requires a level of emotional

distress "so acute [in] nature that harmful physical consequences might not be unlikely to result")

(internal quotation marks and citation omitted); *Hudson v. District of Columbia,* 558 F.3d 526,

533 (D.C. Cir. 2009) (stating that "general, subjective feelings of worry and concern" are "not the

kind of serious, verifiable emotional injury" required to support the claim); *see also Langer v.*

*George Washington University,* 498 F. Supp. 2d 196, 201 (D.D.C. 2007) (stating that no liability

attaches if the emotional distress is exaggerated and unreasonable, unless it results from a

plaintiff's peculiar susceptibility to such distress of which the defendant has knowledge).

Before a lawyer can have a duty to a client, there must be an attorney-client relationship.

*Smith v. Haden*, 872 F. Supp. 1040, 1044 (D.D.C. 1994) (stating that plaintiff must establish the

existence of an attorney client relationship in order to sustain a legal malpractice suit in the

District of Columbia).  The complaint does not allege that Rudasill entered into an attorney-

client relationship with Hinton in relation to the criminal appeal in Maryland state court.  Rudasill's

verified answer avers that Rudasill had no attorney-client relationship with Hinton relating to the

-9-

appeal in the Maryland criminal proceedings.  Def.'s Ans. & Mot. to Dismiss ¶ 5(i)-(j).  Hinton

has not disputed Rudasill's sworn statement that no attorney-client relationship existed between

them as to that matter.  Accordingly, Hinton's claim for intentional infliction of emotional

distress and his legal malpractice claims arising from Rudasill's conduct relating to the criminal

appeal in Maryland will be dismissed for failure to state a claim upon which relief may be

granted.

<u>CONCLUSION</u>

The malpractice claim stemming from Rudasill's performance in matters relating to

Hinton's revocation proceedings in this court are barred by res judicata as they were litigated and

decided by the court of appeals.  The complaint does not state a claim for intentional infliction

emotional distress because the factual allegations do not set forth either the kind of intentional

and outrageous behavior by the defendant or the severity of emotional distress in the plaintiff that

is required to state a claim upon which relief may be granted.  The complaint also does not state a

malpractice claim relating to Rudasill's conduct in the criminal appeal in Maryland state court

because the record does not show that Rudasill and Hinton had an attorney-client relationship

with respect to the Maryland state criminal appeal.  Accordingly, Rudasill's motion for summary

dismissal will be granted and the complaint will be dismissed for failure to state a claim upon

which relief may be granted.  This decision constitutes a "strike" for purposes of 28 U.S.C.

§ 1915(g).

A separate order accompanies this memorandum opinion.

-10-

SIGNED this 12th day of June, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge